1

2

3

4              UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
5                    AT TACOMA

6   LISETTE WILLIAMS,

7                         Plaintiff,                Case No. 3:23-cv-05196-BHS

8          v.                                       ORDER DECLINING TO RECUSE
                                                    AND REFERRING PLAINTIFF'S
9   UNITED STATES OF AMERICA, et al.,               MOTION TO RECUSE

10                       Defendants.

11         This matter comes before the Court on plaintiff's filing of Motion to Reassign

12  Case in which they request that Magistrate Judge Theresa L. Fricke recuse herself from

13  deciding whether plaintiff's application to proceed *in forma pauperis* (IFP) should be

14  granted for an appeal in this case. Plaintiff argues that Judge Fricke was the presiding

15  Judge in a criminal case where plaintiff was the defendant and has demonstrated bias

16  in this case. Dkt. 4 at 1. Pursuant to 28 U.S.C. § § 144, 455, and United States District

17  Court for the Western District of Washington Local Civil Rule, LCR 3(f), the Court should

18  hold that the undersigned Magistrate Judge is not required to recuse.

19         On March 10, 2023, plaintiff filed an application to proceed *in forma pauperis* and

20  submitted a complaint; the undersigned reviewed the complaint and ordered, prior to

21  service on the defendants, that plaintiff show cause why the case should not be

22  dismissed without prejudice or, in the alternative, file an amended complaint – in

23  accordance with 28 U.S.C. § 1915(e)(2). Dkt. 3, Order to Show Cause.

24

25

ORDER DECLINING TO RECUSE AND REFERRING
PLAINTIFF'S MOTION TO RECUSE - 1

1    A judge of the United States shall disqualify herself from a proceeding in which

2  her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a); *United States v.*

3  *Carey,* 929 F.3d 1092, 1104 (9th Cir. 2019). In addition, a judge of the United States

4  shall disqualify herself under circumstances where she has a personal bias or prejudice

5  concerning a party, or personal knowledge of disputed evidentiary facts concerning the

6  proceeding. 28 U.S.C. § 455(b)(1). Normally, a judge should not be recused when the

7  only basis for the motion to recuse is that the judge made adverse rulings in the case

8  where the party seeks disqualification of the judge. *Liteky v. U.S.,* 510 U.S. 540, 555

9  (1994); *In re Marshall,* 721 F.3d 1032, 1041-1045 (9th Cir. 2013).

10    Pursuant to 28 U.S.C. § 144, a judge shall proceed no further "whenever a party

11  to any proceeding in a district court files a timely and sufficient affidavit that the judge

12  before whom the matter is pending has a personal bias or prejudice either against [the

13  filing party] or in favor of any adverse party." In addition, 28 U.S.C. § 455 reiterates the

14  "grounds for recusal set forth in § 144 . . . [and] (1) made them applicable to *all* justices,

15  judges, and magistrates (and not just district judges), and (2) placed the obligation to

16  identify the existence of those grounds upon the judge himself, rather than requiring

17  recusal only in response to a party affidavit." *Liteky,* at 548 (emphasis in original).

18    Under both §144 and § 455, recusal of a federal judge is appropriate for either

19  actual bias or appearance of bias, if "a reasonable person with knowledge of all the

20  facts would conclude that the judge's impartiality might reasonably be questioned."

21  *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective

22  test. *Preston v. United States,* 923 F.2d 731, 734 (9th Cir. 1991).

23

24

25

United States District Court for the Western District of Washington Local Civil Rule, LCR 3(f) additionally provides that:

**(f) Motions to Recuse**

Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Courts have held that, generally, personal bias or prejudice under § 144 or § 455 must stem from an extrajudicial source. *Liteky*, 510 U.S. at 544 (1994); *U.S. v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997). Thus "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" because they cannot show reliance upon an extrajudicial source. *Liteky*, at 555. Further, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Thus, plaintiff would need to demonstrate bias stemming from an extrajudicial source or a deep-seated favoritism to provide grounds for recusal under § 144 or § 455. *See U.S. v. Sibla,* 624 F.2d 864, 868-869 (9th Cir. 1980) (court should initially determine whether the facts alleged in the affidavit submitted by the party seeking recusal are legally sufficient to support the motion, and refer the motion to another judge to determine the merits). The two statutes have the same substantive test, but they are not redundant. *Sibla* at 867-868. There are procedures specified for the parties when filing a

ORDER DECLINING TO RECUSE AND REFERRING
PLAINTIFF'S MOTION TO RECUSE - 3

1    motion under §144, but no procedures are set forth in § 455 – that provision is self-

2    enforcing for the judge. *Id.*

3         Plaintiff did not present evidence of any extrajudicial source for the undersigned

4    Magistrate Judge's alleged bias. Nor does plaintiff allege any facts or instances

5    demonstrating a "deep-seated bias" that would make fair judgment impossible. Further,

6    plaintiff makes conclusory allegations, which "are insufficient to support a claim of bias

7    or prejudice such that recusal is required." *U.S. v. $292,888.04 in U.S. Currency*, 54

8    F.3d 564, 566 (9th Cir. 1995) (internal quotations omitted).

9         The undersigned has done nothing that would create the appearance of bias, nor

10   does the undersigned have any reason to be partial to one side or the other in this

11   matter. Due process requires that even if a judge has no actual bias, and "would do

12   their very best to weigh the scales of justice equally between contending parties," the

13   judge must also satisfy "the appearance of justice." *In re Murchison,* 349 U.S. 133, 136

14   (1955), *quoting, Offutt v. United States,* 348 U.S. 11,13 (1954). In this case, a

15   reasonable person with knowledge of all the facts would not conclude that the judge's

16   impartiality might reasonably be questioned. *United States v. Carey,* 929 F.3d at 1104.

17   Considering the objective test, the undersigned finds that Ms. Williams' Motion to

18   Reassign Case is legally insufficient, and because there is no merit to the motion to

19   recuse, the undersigned declines to recuse herself from the referral of this IFP motion

20   by Judge Settle.

21                                                 **CONCLUSION**

22        There is no reasonable basis for recusal in this instance. In accordance with LCR

23   3(f), plaintiff's motion shall be referred to the Chief Judge for a determination of its

24

25

1   merits. Accordingly, the undersigned **DECLINES** to recuse voluntarily. Plaintiff's motion

2   for recusal of the undersigned is **REFERRED** to Chief Judge David G. Estudillo for

3   decision and the Clerk of the Court is directed to place the motion for the recusal of the

4   undersigned on Chief Judge Estudillo's motion calendar.

5           The IFP motion currently pending before the Court is hereby **STAYED** pending

6   resolution of the recusal issue. The Clerk of the Court shall send a copy of this Order to

7   plaintiff.

8

9   Dated this 8th day of May, 2023.

10

11

12

13                                                          Theresa L. Fricke
                                                            United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25