UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISETTE C. WILLIAMS, | CASE NO. C23-5196 BHS |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This matter is before the Court on Magistrate Judge Theresa L. Fricke's Report and Recommendation (R&R), Dkt. 21, recommending the Court deny pro se plaintiff Lisette Williams's application to proceed *in forma pauperis* and dismiss her complaint without prejudice for failure to cure the deficiencies in her proposed complaint identified by the Court in its Order to Show Cause or Amend, Dkt. 3.

Williams's motion for recusal was denied, Dkts. 4, 5, 7, and she ultimately filed what she called an amended complaint, Dkt. 20. But that filing re-hashes her complaints about the Court, and describes her mental disabilities and her desire for court-appointed counsel. Its does not address her claims against the defendant and it does not state a plausible claim for relief. Williams's objection to the R&R, Dkt. 22, similarly does not

ORDER - 1

address the R&R's conclusion that she has failed to state a plausible claim, and that her application to proceed *in forma pauperis* should therefore be denied. Williams instead reiterates her claim that the Court is biased and that she is entitled to a court-appointed attorney. Dkt. 22-1.

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A district court "shall make a de novo determination of those portions of the report or specified proposed finding or recommendations *to which objection is made*." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *accord* Fed. R. Civ. P. 72(b)(3). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2).

There is no constitutional right to counsel for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. §

1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel under only "'exceptional circumstances.'" *Id.* (quoting *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)); *accord Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

Because Williams has not stated a plausible claim, she has not demonstrated any likelihood of success on the merits of that claim. She is not entitled to a court-appointed attorney. For the same reason, she is not entitled to proceed *in forma pauperis*.

The R&R is **ADOPTED**. Williams's application to proceed *in forma pauperis* is **DENIED** and this case is **DISMISSED** without prejudice.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 13th day of February, 2024.

BENJAMIN H. SETTLE
United States District Judge